IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No.  09-cr-00424-WYD

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMMED IFTIKHAR MALIK,

Defendant.

_____

## ORDER
_____

This matter arises on the defendant's **Motion to Reopen Bond Hearing Pursuant to 18 U.S.C. § 3142(f)(2)(B)** [Doc. # 110, filed 7/22/2013] (the "Motion for Bond"), which is DENIED.  I held a hearing on the Motion for Bond this morning and made rulings on the record, which are incorporated here.

The defendant is charged in a two count superseding indictment with (1) false statement in a passport application in violation of 18 U.S.C. § 1542; and (2) international parental kidnaping in violation of 18 U.S.C. § 1204.

The defendant was arrested in Central District of California and, following a hearing in that district, was ordered detained by a United States magistrate judge as a risk of flight.  The defendant sought to reopen the detention issue here.  Following a hearing, I refused to grant bond or conditions of release and ordered the defendant's detention continued, stating:

> The evidence establishes that the defendant has been embroiled in
> a highly contested divorce case in the Colorado state courts which
> led to custody of his daughter being awarded to the child's mother.
> The indictment establishes probable cause to believe that the

> defendant engaged in a false statement to obtain a passport for the child and transported the child, without the mother's knowledge or consent, to Pakistan. . . . The government proffers evidence that the defendant has taken actions in Pakistan to prevent the mother from traveling outside that country and, in particular, to prevent her from returning to the United States in connection with this action and other matters.
>
> I find that this is an instance where personal issues in the divorce action appear to have caused the defendant to engage in irrational and dangerous conduct. There is probable cause to believe that the defendant improperly transported his juvenile daughter, a citizen of the United States, to a distant and dangerous part of the world to avoid compliance with the custody order in the divorce action.

Order of Detention [Doc. # 34] at p. 3.

The district judge affirmed the Order of Detention on review, finding that the defendant is a flight risk based on the serious nature of the charges against him; lack of ties to this community and the existence of "primary" family ties in the Middle East; and the "incentive for Mr. Malik to flee the country to seek custody of his daughter" in the pending Pakistani custody proceedings. Order [Doc. # 68] at pp. 6-7. The district judge also found that the defendant would present a danger to his ex-wife and child "should they return to Colorado or should Mr. Malik flee the country and return to Pakistan." Id. at p. 7.

The defendant again seeks to reopen the detention issue. He argues, first, that the government's actual motive for pretrial detention of the defendant concerns neither risk of flight nor danger but, instead, the "hope[] that the on-going incarceration of Mr. Malik will result in his capitulating to the [g]overnment's demands that he drop the appellate proceedings in Pakistan." Motion for Bond [Doc. # 110] at ¶9. In addition, the defendant argues that he "has already served a significant amount [of] his anticipated sentence." Id. at ¶8.

Section 3142(f)(2)(B), 18 U.S.C., provides that a detention hearing "may be reopened,

before after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Here, neither new circumstance urged by the defendant alters my determination, or my understanding of the findings of the district judge, that the defendant is a risk of flight or a danger to his former wife and his child. To the contrary, I find that the defendant continues to be a risk of flight based on the serious nature of the charges against him; his lack of ties to this community and the existence of "primary" family ties in the Middle East; and the incentive for him to flee this country to seek custody of his daughter in the pending Pakistani custody proceedings. In addition, based on the allegations of the defendant's violence against his former wife and daughter and the extremely contentious custody proceedings between the plaintiff and his former wife, I find by clear and convincing evidence that the defendant poses a risk of danger to his former wife and his daughter should they ever be in proximity to each other.

IT IS ORDERED that the Motion for Bond [Doc. # 110] is DENIED.

Dated August 12, 2013.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge